IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANDRE GORDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 119-093 |
| ) | |
| ARTIS SINGLETON, Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 17.) The Magistrate Judge recommended denying the habeas corpus petition in its entirety. (Doc. no. 13.) None of Petitioner's objections call into question the Magistrate Judge's conclusion. Petitioner primarily re-hashes the arguments raised in his petition, including emphasizing his argument the Georgia Supreme Court should not have dismissed his application for a certificate of probable cause to appeal ("CPC") the second order of the state habeas court denying the claims raised in Grounds Two, Four, and Six of the federal petition.

As explained by the Magistrate Judge, Petitioner's failure to timely fulfill the requirements for applying for a CPC means the claims raised in Grounds Two, Four, and Six are procedurally defaulted in these federal proceedings. (Id. at 9-17.) Petitioner's attempt to persuade this Court the Georgia Supreme Court improperly interpreted and applied the

requirements of O.C.G.A. § 9-14-52 are unavailing. The Magistrate Judge correctly concluded this Court cannot disregard the Georgia Supreme Court's interpretation of the state's well-established rules regarding the requirements for a timely CPC application and notice of appeal. (Id. at 16); see also Wade v. Battle, 379 F.3d 1254, 1262-63 (11th Cir. 2004) (*per curiam*) (deferring to Georgia Supreme Court application of O.C.G.A. § 9-14-52 and dismissal of CPC application for non-compliance with statute).

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** the instant petition, brought pursuant to 28 U.S.C. § 2254.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 24th day of June, 2020, at Augusta, Georgia.

*/s/ J. Randal Hall*
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA